# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-844V
Filed: October 5, 2018
UNPUBLISHED

| | |
|---|---|
| MICHAEL GOODIN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Shealene Priscilla Wasserman*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Justine Elizabeth Walters*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On June 22, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered right shoulder injuries resulting from the influenza vaccination he received on October 21, 2015. Petition at 1. On May 22, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 17).

  On September 19, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 21). Petitioner requests attorneys' fees in the amount of $13,823.80 and

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $804.02.  *Id.* at 2.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $14,627.82.

Respondent did not file a response.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative.  In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates."  *Rochester v. U.S.,* 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program."  *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).  A total of 1.9 hours[3] was billed by paralegals on tasks considered administrative including scanning & uploading documents, reviewing calendars and sending correspondence.  For these reasons the undersigned **reduces the attorney's fees request in the amount of $237.50**.[4]

The undersigned also notes that there are two duplicated billing entries listed. The first is dated April 24, 2017, for 0.20 hours and is entered as "Medical Records Request."  (ECF No. 21 at 5).  The second is dated June 16, 2017, for 0.20 hours and is entered as "Email to client re affidavit."  *Id.* at 5 .  The undersigned **reduces the request for attorney's fees by $70.00**[5], the total amount of the duplicated entries.

The full amount of costs sought, $804.02 is awarded.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

---

[3] Examples of these entries include: March 1, 2017 (0.6 hrs) "Scanned records into client's file", May 8, 2017 (0.20 hrs) "Upload and send medical records for summary", May 1, 2018 (0.30 hrs) "Sent regular mail to Doj re:Stipulation" and July 27,2018 (0.40 hrs) "Mailed via Fedex re: settlement check." These entries are merely example and are not exhaustive.

[4] This amount consists of 1.9 hours at $125 per hour.

[5] This amount consists of 0.2 hours at $125 per hour and 0.2 hours at $225 per hour.

**Accordingly, the undersigned awards the total of $14,320.32[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Shealene Priscilla Wasserman.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.